IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DAVID SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 1:2009cv02623CCB |
| MARTEK BIOSCIENCES CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

In their Opening Memorandum, Defendants explained that Plaintiff's only attempt at service was to mail the complaint and summons to undersigned counsel. Defendants also explained that although undersigned counsel represented defendants in another action, counsel had neither entered an appearance nor been authorized to accept service in this action. Therefore, as the many cases cited in Defendants' Opening Memorandum reflect, Plaintiff's attempt at service was insufficient as a matter of law. Plaintiff's opposition memorandum offers no plausible argument to reach a contrary conclusion.

Plaintiff first asserts that service has been waived because undersigned counsel represented defendants in the prior–filed *Csabai* action. But Plaintiff

makes no attempt to distinguish the many cases holding that service upon an attorney who represents a defendant in another action is insufficient as a matter of law. Plaintiff must serve either defendants or an agent authorized to accept service in *this* action.[1]

Plaintiff also argues that service was accomplished because someone signed the certified mail receipt acknowledging delivery to counsel's office of the package containing the summons and complaint. But this ignores the crucial point that counsel was not authorized to accept service in this case. Moreover, Plaintiff completely ignores that he apparently failed to request "Restricted Delivery" service, as required by Maryland law.[2]

Plaintiff next complains that Defendants have effectively taken possession of the court-issued summons because Plaintiff mailed the summons to undersigned counsel. Of course, Plaintiff does not and cannot cite any authority suggesting that a defendant waives service when a third-party not authorized to accept service for that defendant fails to return materials mailed to that third-party by a plaintiff. But in any event, counsel would have been more than happy to return the papers mailed by Plaintiff if Plaintiff had simply requested their return.

---

[1] This Court recently entered judgment in favor of Defendants in the *Csabai* action. *See* Ex. A hereto.

[2] The return receipt card submitted by Plaintiff has the Restricted Delivery box unmarked. (*See* Dkt No. 6.) It also seems unlikely that Plaintiff requested Restricted Delivery service, as counsel did not personally sign any acknowledgement card for Plaintiff's package. If such an acknowledgement card was signed, it likely was by a member of the private mail service that has been retrieving certified mail for counsel's firm subsequent to their October 2009 move to new office space.

Finally, Plaintiff spends several pages speculating about the supposed involvement of Defendants' counsel in Plaintiff's imaginative multi-year conspiracy. The list of those supposedly participating in the alleged fraudulent scheme already includes Martek officers, Martek directors, Martek customers and the plaintiffs' class-action bar. Suffice it to say that the Defendants will not at this time dignify Plaintiff's accusations with any further response.[3]

For all of these reasons, as well as those reasons set forth in their Opening Memorandum, Defendants respectfully request that this action be dismissed for insufficient service of process.[4]

---

[3]   In accordance with Rule 11 of the Federal Rules of Civil Procedure, Defendants reserve the right to seek monetary sanctions from Plaintiff if legally or factually unsupported claims are made in future filings.

[4]   Plaintiff also suggests that a default judgment should be entered against Defendants. No default can be entered in this case because Defendants' Motion to Dismiss is a response permitted by the Federal Rules of Civil Procedure. No Answer need be filed until after the Court rules on that motion.

\\BA - 061954/000088 - 275833 v1

Dated: December 30, 2009

        Respectfully submitted,

        _____/s/_____
Mark D. Gately (Bar #00134)
HOGAN & HARTSON LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
Phone: (410) 659-2700
Facsimile: (410) 659-2701
E-mail: mdgately@hhlaw.com

Attorney for Defendants Martek Biosciences Corporation, Henry Linsert, Jr., Richard J. Radmer, Thomas C. Fisher, Jerome C. Keller, Peter L. Buzy, George P. Barker, Jules Blake, Robert J. Flanagan, Ann L. Johnson, Douglas J. MacMaster, John H. Mahar, Sandra Panem, Eugene H. Rotberg, and James Flatt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of December, 2009, I caused true and correct copies of the foregoing Reply Memorandum in Support of Defendants' Motion to Dismiss to be filed electronically via the Court's electronic filing system, and served by First-Class Mail on Plaintiff at the following address:

David Smith
389 Rte. #46 East
Budd Lake, NJ 07828

/s/
Mark D. Gately (Bar #00134)
HOGAN & HARTSON LLP
Harbor East
100 International Drive
Suite 2000
Baltimore, MD  21202
Phone:     (410) 659-2700
Facsimile: (410) 659-2701
E-mail:    mdgately@hhlaw.com

\\BA - 061954/000088 - 275833 v1